UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CURTIS BUXTON, ET AL.                                    PLAINTIFFS

VS.                                    CIVIL ACTION NO. 4:06CV28LN

POWE TIMBER COMPANY, ET AL.                             DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiffs Curtis Buxton, Doris A. Buxton, Houston Buxton and Lorine Buxton to remand pursuant to 28 U.S.C. § 1447(b) on the basis that defendants' removal based on diversity jurisdiction was untimely, having been filed more than a year after commencement of this action in state court.[1]  Defendants Joslyn Manufacturing Company and Danaher Corporation have responded in opposition to the motion, taking the position that the circumstances preceding their notice of removal justify application of an equitable exception to the one-year time limit on diversity removals.  The court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that plaintiffs' motion to remand is well taken and should be granted.

---

[1]     Pursuant to 28 U.S.C. § 1447(b), "[a] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

This is one of a number of cases filed in state court against Joslyn Manufacturing Company and Danaher Corporation, nonresident corporations, and against resident companies Powe Timber Company and American Wood, a division of Powe, by plaintiffs seeking to recover damages for personal injuries alleged to have resulted from their alleged exposure to toxic chemicals from handling and burning chemically treated wood chips supplied by defendants. The wood chips allegedly supplied to and/or purchased by the plaintiffs in these various cases were generated at a wood treatment facility in Richton, Mississippi, that was once owned by Joslyn, a subsidiary of Danaher, but which was sold to Powe Timber and American Wood in 1980. As defendants note, a plaintiff whose exposure to the allegedly toxic wood chips prior to 1980 could not state a viable claim against the resident defendants, Powe/American Timber, since Powe/American Timber did not own the plant prior to that date (and did not assume Joslyn's liabilities with respect to the plant's operations).

Plaintiffs herein, all of whom are Mississippi citizens, filed their original complaint in state court on April 28, 2004, and in that pleading, as well as in their subsequent amended complaint, alleged they had been exposed to treated wood until 1985, some five years after Powe/American Timber purchased the

2

Richton facility from Joslyn.[2]  Thereafter, on September 24, 2004,
they provided verified interrogatory responses in which they
stated, "We bought the wood chips at different times from 1968-
95."  On April 11, 2005, Joslyn deposed each of the plaintiffs in
state court, and learned that the wood chips to which they were
all allegedly exposed were purchased by plaintiff Houston Buxton
from a man named Charlie Reid, who obtained wood chips from the
Richton facility and sold them to persons in the community for use
in their homes.  According to defendants, Houston Buxton testified
in his first deposition on April 11, 2005 that he first began
getting wood from Charlie Reid "in the upper '50s," and "bought it
all the way up to '80 - '81 or '82."  However, when he was re-
deposed on February 14, 2006, he clearly testified that he last
purchased wood chips from Charlie Reid "in the upper '70s" and did
not purchase any wood from Reid after 1979.

Defendants promptly removed the case on March 7, 2006,
claiming that under Tedford v. Warner-Lambert Co., 327 F.3d 423
(5th Cir. 2003), plaintiffs' "numerous misrepresentations" merit an
equitable exception to the one-year time limit for diversity
removals.  In Tedford, the Fifth Circuit held that "where a
plaintiff has attempted to manipulate the statutory rules for
determining federal removal jurisdiction, thereby preventing the

---

[2]     Plaintiffs herein agree that they each seek damages in
excess of $75,000, so that the amount in controversy for diversity
jurisdiction is satisfied.  See 28 U.S.C. § 1332.

defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." Id. at 428-29. Defendants submit that Houston Buxton's February 14, 2006 deposition revealed that plaintiffs' previous representations had been false and for the first time, revealed unequivocally that in fact, contrary to those earlier representations, he last purchased wood from Charlie Reid in 1970, prior to the purchase of the Richton facility by Powe/American Wood.

While the court could agree that Houston Buxton's testimony on this issue finally was made <u>clear</u> in his February 2006 deposition, the fact is, although he did state in his April 11, 2005 deposition that he had bought wood from Reid "all the way up to '80 -'81 or '82," in that very same deposition, he also testified that he stopped getting wood from Charlie Reid's store "in the upper '70s." His testimony in that earlier deposition was inconsistent on the issue, but to be inconsistent is not to be manipulative. Moreover, in the exercise of vigilance to protect their right of removal, defendants could have questioned the witness specifically about this inconsistency and made an effort to pin him down on the issue, and yet this apparently was not done. Under the circumstances, therefore, the court does not consider that equity requires an extension of the one-year time limit on removal.

4

Accordingly, it is ordered that plaintiffs' motion to remand is granted.

SO ORDERED this 9th day of May, 2006.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE